UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SHAVONNE GREEN,

                  Plaintiff,

v.

ROCKET MORTGAGE, LLC,

                  Defendant.
_____/

Case No. 23-cv-
Hon.

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-7002
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Shavonne Green, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendant Rocket Mortgage, LLC, and in support thereof states:

1. Plaintiff Shavonne Green ("Green" or "Plaintiff") is a resident of the Township of Redford, Wayne County, Michigan.

2. Defendant Rocket Mortgage, LLC ("Rocket Mortgage" or "Defendant") is a Michigan limited liability company with its principal place of business located in the City of Detroit, Wayne County, Michigan.

1

3. Jurisdiction is vested with this Court pursuant to 28 USC §1331 and 42 USC §12101, et. seq.

4. On or about March 31, 2023, the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights to Green.

## GENERAL ALLEGATIONS

5. Green was employed with Rocket Mortgage as an Executive Document Analyst until her discharge on or about July 17, 2022.

6. Green suffers from several serious medical conditions, including physical injuries to her back as well as anxiety and depression, which have resulted in a disability.

7. Green sought reasonable accommodations from Rocket Mortgage for her disability, most of which denied.

8. In August 2021, Green sought reasonable accommodations under the Americans with Disabilities Act (ADA); the requested accommodations were a reduced work schedule and the ability to work remotely.

9. At that time, Green's job position allowed her to work from home, therefore, the only applicable accommodation was a reduced work schedule.

10. Rocket Mortgage granted her a reduced work schedule accommodation, but only for one month.

11. In approximately September 2021, Rocket Mortgage announced that Plaintiff's position would become a "hybrid" work from home position, meaning that she would be required to come into the office two days per week.

12. In September 2021, Green provided a renewed accommodation request for accommodations of work from home and reduced work schedule.

13. In response, and for the first time, Rocket Mortgage requested that Green provide a completed Reasonable Accommodation Request Form.

14. In that form, Green identified that she was requesting two accommodations: (1) work from home and (2) reduced work schedule.

15. The request form also had a section for Green's physician to complete. In that section, the physician stated that Green suffers from anxiety and depression that, among other things, the condition manifests itself by affecting her ability to "interact[] with others", which the physician identifies as a major life activity.

16. Rocket Mortgage subsequently informed Green that it could not approve the request for reasonable accommodation because her physician did not specifically list work from home as a requested accommodation, even though Green had identified that as a requested accommodation in her portion of the accommodation request form.

3

17. On September 29, 2021, Green's physician provided a letter specifically requesting a work from home accommodation.

18. Rocket Mortgage again rejected the requested accommodation because it claimed that the September 29, 2021 physician letter did not state why the medical condition required work from home, despite the earlier accommodation request form stating that Green's major life activity of "interacting with others" was affected by her medical condition.

19. On October 29, 2021 Green provided yet another medical professional letter to Rocket Mortgage explaining that she needed a work from home accommodation due to her diagnoses of anxiety and depression.

20. Despite all of these notices, information, requests and letters, Rocket Mortgage denied Green's accommodation request.

21. In the spring of 2022, Green renewed her request for a work from home accommodation and again provided medical information to support her request.

22. Rocket Mortgage again denied her request for accommodation.

23. Based on her physician's instructions and restrictions, Green was unable to report to Rocket Mortgage's physical work location on the two days per week that Defendant was imposing on Plaintiff.

24. On or about July 17, 2022, Defendant discharged Plaintiff for violation of its attendance policies.

25. The violations of the attendance policies were only related to the workdays that Plaintiff missed pursuant to her physician's restrictions.

**COUNT I**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**FAILURE TO ACCOMMODATE**

26. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff was a qualified individual with a disability, as that term is defined by the Americans with Disabilities Act, and 42 USC §12101, et. seq. (as amended) ("ADA").

28. Plaintiff has a disability as that term is defined by the ADA.

29. Defendant was aware of Plaintiff's disability.

30. Plaintiff made a request for a reasonable accommodation, by way of:

    a. Reduced work schedule,

    b. Work from home

31. Plaintiff engaged in the interactive process with Defendant regarding the structure, timing and other factors related to her requests for reasonable accommodation.

32. Such reasonable accommodations would not be an undue burden on Defendant.

33. Defendant has failed and refused to grant any reasonable accommodations to Plaintiff.

34. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff has suffered damages, including but not limited: loss of job position, lost past and future wages, lost past and future employment benefits, loss of earning capacity, emotional distress and attorney fees.

### COUNT II
### VIOLATION OF AMERICANS WITH DISABILITIES ACT
### DISABILITY DISCRIMINATION

35. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff is a disabled person within the meaning of the Americans with Disabilities Act, 42 USC §12101, et. seq.

37. Defendant regards Plaintiff has having a disability.

38. Plaintiff is qualified for the position of Executive Document Analyst, with or without reasonable accommodation.

39. Plaintiff has suffered an adverse employment action, including but not limited to discharge from employment.

40. The adverse employment actions taken by Defendant were made because of Plaintiff's disability.

41. Further, Plaintiff was subjected to the adverse employment action because of an actual or perceived physical or mental impairment.

42. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered damages as fully set forth in paragraph 34 of this Complaint.

WHEREFORE, Plaintiff Shavonne Green prays that this Honorable Court enter a judgment in her favor against Defendant Rocket Mortgage, LLC in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
Eric Stempien (P58703)
Attorney for Plaintiff

Dated: April 28, 2023